IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of December 15, 2021, Subpoena Issued by the United States House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol <br><br> **PLAINTIFF,** <br><br> v. <br><br> **VERIZON COMMUNICATIONS INC.,** <br><br> **DEFENDANT.** | ) ) ) ) ) ) ) ) ) ) ) )   22-cv-00018 |

## MOTION TO PROCEED ANONYMOUSLY

Plaintiff, by and through the undersigned counsel, respectfully request this Court enter an Order granting Plaintiff leave to proceed anonymously in this action. Plaintiff seeks this relief because Plaintiff's identity is wholly irrelevant to this Court's determination of whether the subpoena giving rise to this action is a lawful exercise of Congressional power and because Plaintiff otherwise has no non-public avenue to stop the production of Plaintiff's personal phone records.

## FACTS

As alleged in the Complaint, Plaintiff is the recipient of correspondence from Defendant Verizon Communications Inc. ("Verizon") advising that certain phone records associated with the phone number Plaintiff maintains with Defendant Verizon have been subpoenaed by the United States House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee"). Complaint ¶1 (ECF No. 1). The Select Committee provided no notice to Plaintiff that it was seeking Plaintiff's records and to Plaintiff's

knowledge, the Select Committee's subpoena does not name Plaintiff. Moreover, Verizon has advised that the only mechanism by which Plaintiff can stop the production of Plaintiff's records to the Select Committee is to pursue legal action challenging the subpoena.

Specifically, on December 17, 2021, Defendant Verizon wrote Plaintiff to advise that it "ha[d] received a subpoena requiring the production of certain records associated with the phone number referenced above" and attaching "[a] copy of the subpoena" excluding "Section B, which identifies the phone number referenced above but also those of other Verizon subscribers." Complaint ¶13 (ECF No. 1). A copy of the subpoena provided to Plaintiff by Verizon is attached to the Complaint as Exhibit A. This was the only notice Plaintiff received that Plaintiff's phone records had been subpoenaed by the Select Committee – the Select Committee itself provided no notice to Plaintiff that it was seeking Plaintiff's records.

## ARGUMENT

Generally, a complaint must state the names of the parties and address of the plaintiff. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). *See also* LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same). The Federal Rules thus promote a "presumption in favor of disclosure [of litigant's identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed* Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. V. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996). This Court has thus admonished, "parties to a lawsuit must typically openly identify themselves in their pleadings, with basic fairness dictating

that those among the defendants' accusers wish to participate . . . as individual party plaintiffs must do so under their real names." *M.M.V. v. Barr*, 2019 U.S. Dist. LEXIS 234068, at *6 (D.D.C. Sept. 26, 2019) (internal quotation marks omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463-64 (D.C. Cir. 1995) (per curiam)).

There are, however, exceptions to the general rule of disclosure and in deciding whether litigants may proceed anonymously, courts consider five factors: (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and, relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019). A court should not "engage in a wooden exercise of ticking the five boxes," but instead "consider[] the factors relevant to the case before it." *Id.* Rather, "district courts should take into account other factors relevant to the particular case under consideration." *Id.* (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008)). And in exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well as the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*,

56 F.3d at 1464 (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). Here, the balance of applicable factors favor allowing Plaintiff to proceed anonymously.[1]

At the outset, the fourth and fifth above-referenced factors are easily addressed. There will be no unfairness to the opposing party – Verizon – by allowing Plaintiff to proceed anonymously in this action because Verizon knows the identify of Plaintiff having written Plaintiff to advise that Verizon had received a subpoena for Plaintiff's phone records. Nor is Verizon, as a private party, prejudiced by Plaintiff proceeding anonymously in the manner contemplated by the *James* court as Plaintiff seeks no damages from Verizon – only an Order from this Court enjoining Verizon from complying with the subpoena at issue. *See James*, 6 F.3d at 239 n.3 (observing the practical difficulty in allowing an anonymous plaintiff to seek compensatory damages as against a private party).

Turning next to the first and second factors, allowing Plaintiff to proceed anonymously in this action is necessary "to preserve privacy in a matter of sensitive and highly personal nature" and further, protects Plaintiff from the "risk of retaliatory . . . harm." At issue is a subpoena for Plaintiff's phone records – a subpoena that does not identify Plaintiff, but rather only identifies a phone number Verizon knows to be Plaintiff's. The subpoena seeks Plaintiff's highly personal subscriber information and cell phone data associated with Plaintiff's phone. Complaint ¶15 (ECF No. 1). Of note, nowhere within the copy of the Select Committee's subpoena provided to Plaintiff is Plaintiff's identity, or any other customer whose records are sought, disclosed. Thus, the Select Committee has provided Verizon with a list of phone numbers without otherwise

---

[1] Plaintiff concedes that the third factor is inapplicable here in that Plaintiff is not a minor child. To that end, although Plaintiff submits that Plaintiff's identity or other demographic and professional information is not necessary for the Court's determination of whether Plaintiff should be permitted to proceed anonymously at this early juncture, Plaintiff is ready and willing to submit an affidavit disclosing all such information as the Court deems necessary under seal.

identifying the individuals believed to be affiliated with those numbers. Were Plaintiff not to proceed anonymously, Plaintiff would be forced to reveal their identity to the public without the Select Committee having to show any basis for the disclosure of the same, let alone Plaintiff's phone records.

To that end, at this early juncture, Plaintiff's identity is wholly irrelevant to the issue before the Court: because the Select Committee has provided no basis justifying its need for Plaintiff's personal cell phone records, the Select Committee has failed to demonstrate that it has a "valid legislative purpose" such that the information sought by the subpoena "is related to, and in furtherance of, a legitimate task of Congress." *Watkins v. United States*, 354 U.S. 178, 187 (1957). The Select Committee's non-public subpoena to Verizon, provided without any explanation as to the nexus between the records sought and the legislative purpose pursued, serve to circumvent an important constitutional limitation on Congress's otherwise broad "power of inquiry." *McGrain v. Daugherty*, 273 U.S. 135, 174 (1927). *See also Senate Select Committee on Presidential Campaign Activities v. Nixon*, 498 F.2d 725, 730-731 ("[W]e think the sufficiency of the Committee's showing must depend solely on whether the subpoenaed evidence is demonstrably critical to the responsible fulfillment of the Committee's functions . . . [and] conclude that the need demonstrated by the Select Committee in the peculiar circumstances of this case . . . is too attenuated and too tangential to its functions to permit a judicial judgment that the [subpoena recipient] is required to comply with the Committee's subpoena.").

Moreover, the disclosure of Plaintiff's identity – and the fact that Plaintiff has challenged the validity of the Select Committee's subpoena – is likely to subject Plaintiff to retaliation. For example, Select Committee Members, including its Chairman, have publicly criticized a subpoenaed witness's exercise of constitutional rights. *See* Transcript, The Rachel Maddow

Show (Dec. 1, 2021), *available at* https://www.msnbc.com/transcripts/transcript-rachel-maddow-show-12-1-21-n1285270 (last visited Jan. 14, 2022) ("[Rep. Bennie Thompson:] [I]f [a subpoenaed witness] is saying, okay, I'll come but I'll plead the Fifth, then in some instances that says you are part and parcel, guilty to what occurred."); *id*. ("[Rep. Bennie Thompson: [I]f [a subpoenaed witness] say[s] [they] haven't done anything wrong but on the other hand . . . want[s] to assert the Fifth Amendment in terms of self-prosecution, it's saying that you have something to hide."). It is thus anticipated that Plaintiff's challenge to the Select Committee's subpoena could subject Plaintiff to retaliation by the Select Committee or its members, whom have publicly threatened criminal referrals for "recalcitrant" witnesses. *See* Michael Schmidt and Luke Broadwater, Jan. 6 Committee Weighs Possibility of Criminal Referrals, *The New York Times* (Dec. 20, 2021), *available at* https://www.nytimes.com/2021/12/20/us/politics/jan-6-committee-trump-criminal-referral.html ("Representative Adam B. Schiff, Democrat of California and a member of the committee, said it was 'certainly possible' that the panel would make criminal referrals before the investigation concluded. . . . 'Most of the criminal referrals that I'm aware of . . . were perjury-related or witness intimidation related . . . .'"). *See also* Kyle Cheney and Nicholas Wu, Jan. 6 Committee Prepares Legal Arsenal for Likely Subpoena Fights, *Politico* (Sep. 29, 2021), *available at* https://www.politico.com/news/2021/09/29/jan-6-committee-subpoenas-514578 (quoting Rep. Jamie Raskin as stating, "We have the full panoply of sanctions available for people who refuse to comply with a congressional subpoena").

Similarly, those to have publicly challenged the Select Committee have been criticized relentlessly. *See, e.g.*, Katelyn Polantz, Jan. 6 Panel's Subpoenas for Phone Records Prompt 4 New Lawsuits, *CNN* (Jan. 5, 2022), *available at* https://www.cnn.com/2022/01/05/politics/sebastian-gorka-sues-january-6-committee/index.html

(last visited Jan. 14, 2022) ("In the past three days, five targets of House select committee subpoenas *have rushed to court* to try to stop the sweeping January 6 investigation from obtaining their phone records (emphasis added)). Indeed, one response to a tweet publicizing the fact that this action was filed stated simply, "Traitorous Coward!" Diane Harris (@DhLadylaw), Twitter (Jan. 5, 2022, 11:05AM), https://twitter.com/dhladylaw/status/1478759652150104066?s=21 (reply to Zoe Tillman (@ZoeTillman), Twitter (Jan. 5, 2022, 10:28AM), https://twitter.com/ZoeTillman/status/1478750233098080256).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests leave to proceed anonymously.

Dated: January 18, 2021

Respectfully submitted,

*/s/ Stanley E. Woodward, Jr.*
Stan M. Brand (D.C. Bar No. 213082)
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC 20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In the Matter of December 15, 2021, Subpoena Issued by the United States House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol** <br><br> **PLAINTIFF,** <br><br> v. <br><br> **VERIZON COMMUNICATIONS INC.,** <br><br> **DEFENDANT.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     22-cv-00018 |

## CERTIFICATE OF SERVICE

On January 18, 2021, the undersigned hereby certifies that a true and correct copy of the foregoing was sent to counsel for Verizon Communications Inc. via First Class and Electronic mail.

                                          */s/ Stanley E. Woodward, Jr.*
                                      Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                      BRAND WOODWARD, ATTORNEYS AT LAW
                                      1808 Park Road NW
                                      Washington, DC  20010
                                      202-996-7447 (telephone)
                                      202-996-0113 (facsimile)
                                      Stanley@BrandWoodwardLaw.com

                                      *Counsel for Plaintiff*