UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PLAINTIFF<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 22-cv-18<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

Plaintiff seeks to proceed under pseudonym in the instant action seeking to quash a subpoena issued for this person's phone records to Verizon Communications, Inc. ("Verizon") by the United States House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee"). Compl. ¶ 1, ECF No. 1. Plaintiff seeks to proceed pseudonymously because his/her "identity is wholly irrelevant to this Court's determination of whether the subpoena giving rise to this action is a lawful exercise of Congressional power and because Plaintiff otherwise has no non-public avenue to stop the production of Plaintiff's personal phone records." Pl.'s Mot. to Proceed Anonymously ("Pl.'s Mot.") at 1, ECF No. 3. For the reasons set forth below, plaintiff's motion is denied.[1]

**I.   BACKGROUND**

On June 30, 2021, the U.S. House of Representatives passed House Resolution 503, "Establishing the Select Committee to Investigate the January 6th Attack on the United States Capitol," Compl. ¶ 6, in order to investigate "the facts, circumstances, and causes relating to

---

[1]   *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] to seal the complaint, motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

the domestic terror attack on the Capitol" and "identify, review, and evaluate the causes of and the lessons learned from the domestic terrorist attack on the Capitol," *id.* ¶ 9 (quoting H. Res. 503 Sec. 4).  On December 15, 2021, the Select Committee issued a subpoena to Verizon "seeking records concerning phone numbers listed [on the subpoena]." *Id.* ¶ 12.  Two days later, Verizon informed plaintiff and plaintiff's counsel about receipt of the subpoena "requiring the production of certain records associated with the phone number" associated with plaintiff.  *Id.* ¶ 13.  Verizon also forwarded a copy of the subpoena, but with the section identifying plaintiff's phone number redacted, as this section also included "those of other Verizon subscribers." *Id.*  The subpoena requested "subscriber information and cell phone data" including "subscriber names and contact information," which "could include all calls, text messages, and other records of communications associated with the phone number." *Id.* ¶ 15.  To plaintiff's knowledge, the subpoena "does not name Plaintiff," and the Select Committee "provided no notice to Plaintiff that it was seeking Plaintiff's records."  Pl.'s Mot. at 2.

Plaintiff filed the instant suit seeking a declaratory judgment that "the Select Committee's subpoena is unenforceable and . . . unlawful," Compl. ¶¶ 23, 27, and an injunction against production of plaintiff's records to the Select Committee, *id.* ¶ 32.  Asserting that "Plaintiff's identity is wholly irrelevant to this Court's determination of whether the subpoena giving rise to this action is a lawful exercise of Congressional power and because Plaintiff otherwise has no non-public avenue to stop the production of Plaintiff's personal phone records," he/she moves to proceed under pseudonym.  Pl.'s Mot. at 1.

## II.     LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P. 11(a) (requiring "[e]very pleading, written motion, and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name and other filings

3

may be redacted to protect privacy by limiting public access. *See, e.g.,* FED. R. CIV. P. 5.2 (a)(1)–(4) (requiring, "[u]nless the court orders otherwise," use of only initials for minors, and only partial birthdates and social-security, taxpayer-identification, and financial account numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the

4

circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

### III.  DISCUSSION

At this early stage of the litigation, this Court is not persuaded that plaintiff has met the burden of showing that legitimate privacy interests held by plaintiff outweigh the public's presumptive interest in knowing the details of this litigation.  Plaintiff has articulated no privacy interest sufficient to rebut the presumption in favor of open proceedings.

The first *James* factor—"whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature," *In re Sealed Case*, 931 F.3d at 97—weighs against plaintiff.  Plaintiff argues that pseudonymity is justified because the Select Committee subpoena does not identify "the individuals believed to be affiliated with those [phone] numbers," and without a grant of anonymity, "Plaintiff would be forced to reveal their identity to the public without the Select Committee having to show any basis for the disclosure of the same." Pl.'s Mot. at 5.  Plaintiff further argues that his/her identity is "wholly irrelevant" to the question of whether the Select Committee had "demonstrate[d] that it has a valid legislative purpose" for seeking plaintiff's phone records, and thus, whether the subpoena was issued legally. *Id.* (internal quotations omitted).

Plaintiff's arguments are misguided.  To be sure, the Select Committee's subpoena puts plaintiff in the position of having to choose whether to fight the subpoena publicly by

5

asserting his/her rights, or acquiesce to the production of phone records, but such choices are part of "the annoyance and criticism that may attend any litigation." *In re Sealed Case*, 931 F.3d at 97. Whether the Select Committee has the requisite factual basis to seek plaintiff's phone records is a question for the district judge randomly assigned to this case to adjudicate on the merits. Merely because the Select Committee allegedly did not disclose plaintiff's identity in seeking the subpoena is irrelevant to the question of whether plaintiff may proceed with this suit in federal court without doing so. Furthermore, the "relevance" of a plaintiff's identity to the underlying claims carries little weight in determining whether his/her privacy interests outweigh the public's presumptive interest in knowing the details of the litigation. Plaintiffs regularly litigate suits under their own names where their personal identity is irrelevant to the substance of the case; even if plaintiff's identity has no bearing on the legal basis for the Select Committee's subpoena, this separation does not justify removing plaintiff's identifying information from the legal proceeding entirely. The first *James* factor weighs against permitting plaintiff to proceed pseudonymously.

The second *James* factor, "whether identification poses a risk of retaliatory physical or mental harm," *In re Sealed Case*, 931 F.3d at 97, further weighs against plaintiff because the asserted risk of retaliatory harm is both speculative and minimal. Plaintiff asserts that this "challenge to the Select Committee's subpoena could subject Plaintiff to retaliation by the Select Committee or its members, whom [sic] have publicly threatened criminal referrals for recalcitrant witnesses." Pl's Mot. at 6 (internal quotations omitted). Yet, plaintiff provides no indication that such retaliation has occurred in the context of third-party subpoenas for phone records, which is the context here. Plaintiff further asserts that public disclosure of his/her name could lead to being "criticized relentlessly." *Id.* at 6–7 (citing, *inter alia*, a Twitter

6

thread). The risk of harassment and criticism plaintiff describes represents the quintessential "annoyance and criticism that may attend any litigation," *In re Sealed Case*, 931 F.3d at 97, and is far less severe than the degree of serious mental harm or physical danger necessary to override the strong public interest in transparent legal proceedings. *See Qualls v. Rumsfeld*, 228 F.R.D. 8, 12 (D.D.C. 2005) ("bringing litigation can subject a plaintiff to scrutiny and criticism and can affect the way plaintiff is viewed by coworkers and friends, but fears of embarrassment or vague, unsubstantiated fears of retaliatory actions by higher-ups do not permit a plaintiff to proceed under a pseudonym"); *see also Doe v. Court of Common Pleas*, No. 17-cv-1304 (CB), 2017 WL 5069333, at *2 (W.D. Pa. Nov. 3, 2017) (denying request from plaintiff probation officer to proceed under pseudonym based on argument "that anonymity is necessary to protect her from unwanted media attention and a potentially negative public response to the allegations in the Complaint" as "not sufficient to outweigh the public's right to access court proceedings."). The second *James* factor weighs against granting plaintiff's motion.

Likewise, the third *James* factor, "the ages of the persons whose privacy interests are sought to be protected," *In re Sealed Case*, 931 F.3d at 97, weighs against granting plaintiff's motion because the privacy interests of minors are not implicated.

The fourth *James* factor also weighs against granting plaintiff's motion. While the named defendant is Verizon, a non-governmental actor, the substance of this lawsuit is plainly to challenge the investigative scope and purposes of the Select Committee, and the law is well-settled that "there is a heightened public interest when an individual or entity files a suit against the government." *In re Sealed Case*, 971 F.3d at 329.

The fifth *James* factor weighs slightly in plaintiff's favor because allowing plaintiff to proceed under pseudonym will not prejudice the named defendant, Verizon, in any way. Plaintiff's identity is known to Verizon, as the company wrote to "Plaintiff to advise that Verizon received a subpoena for Plaintiff's phone records." Pl.'s Mot. at 4. Thus, allowing plaintiff to proceed under pseudonym would not compromise defendant's ability to defend this action and would pose no "risk of unfairness to the opposing party." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008).

Taking these factors together, plaintiff has presented no compelling justification for "the rare dispensation of pseudonymous status," *In re Sealed Case*, 971 F.3d at 328, and thus has failed to demonstrate a need for secrecy or identify consequences likely to befall plaintiff if he/she proceeded in his/her own name.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed Anonymously is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall strike plaintiff's Complaint on the docket and not refile the Complaint unless it is filed with plaintiff's full name in accordance with this Memorandum and Order.

**SO ORDERED.**

Date: January 19, 2022

　　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　BERYL A. HOWELL
　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge