IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL J. SCAVINO JR.<br>*Plaintiff*,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.<br><br>*Defendant.* | Case No. 1:22-cv-00018 |

### ANSWER OF VERIZON COMMUNICATIONS INC.

Defendant Verizon Communications Inc. ("Verizon"), by and through its undersigned counsel, hereby answers the Complaint of Daniel J. Scavino Jr., and reserves its rights to request dismissal of the Complaint on any and all grounds. Unless expressly admitted, all allegations set forth in the Complaint are denied.

### PRELIMINARY STATEMENT

1. Verizon received, as relevant here, a subpoena dated December 15, 2021 from the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee") demanding the production of telephone records for the phone number that Verizon understood was used by Plaintiff Daniel J. Scavino Jr. (the "Subpoena"). *See* Compl. Ex. A, Dkt. No. 1-1.[1] This Subpoena demanded production of only

---

[1] Plaintiff re-filed his Complaint on January 21, 2022, *see* ECF No. 5, referencing an exhibit, *see, e.g.,* Compl. ¶ 14, but did not re-file that exhibit. Citations to the exhibit to Plaintiff's Complaint therefore refers to the exhibit attached filed at Dkt. No. 1-1.

Subscriber Information,[2] Connection Records, and Records of Session Times and Durations,[3] for the time period from November 1, 2020, through and including January 31, 2021. The Subpoena did not compel the production of any call or text message content, or location information.

2.  After receiving the Subpoena, Verizon notified Mr. Scavino's counsel of Verizon's receipt of the Subpoena from the Select Committee. This notice stated that unless Verizon received "a court document challenging the [S]ubpoena by January 5, 2022, Verizon is compelled to comply with the [S]ubpoena."

3.  Verizon also provided Mr. Scavino's counsel with a copy of the Subpoena issued by the Select Committee, except that Verizon withheld Section B, which identified the phone numbers of other Verizon subscribers that had also been subpoenaed by the Select Committee.

4.  Plaintiff filed this Complaint under a pseudonym on January 5, 2022. He re-filed the Complaint on January 21, 2002.

5.  Thus, consistent with the notice that Verizon provided Mr. Scavino's counsel, Verizon has not produced any of Plaintiff's records in response to the Select Committee's Subpoena.

---

[2] The Subpoena defined "Subscriber Information" as: name, subscriber name, physical access, billing address, e-mail address, and any other address and contact information; all authorized users on the associated account; all phone numbers associated with the account; length of service (including start date) and types of service utilized; telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN") Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI") associated with the accounts; activation date and termination date of each device associated with the account; any and all number and/or account number changes prior to and after the account was activated; and other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses). Dkt. No. 1-1

[3] Per the Subpoena, "Connection Records, and Records of Session Times and Durations" includes all call, message (SMS and MMS), Internet Protocol ("IP"), and data-connection detail records associated with the Phone Numbers, including all phone numbers, IP addresses, or devices that communicated with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections. Dkt. No. 1-1

6. In addition, Verizon has received virtually identical subpoenas from the Select Committee for the records of other customers. Upon receipt of those subpoenas, Verizon provided the same notice to those customers that was provided to Mr. Scavino's counsel.

## RESPONSES TO PLAINTIFF'S ALLEGATIONS

1. Verizon incorporates by reference its Preliminary Statement. Verizon admits that it notified Mr. Scavino's counsel of Verizon's receipt of the Subpoena from the Select Committee.

2. Verizon incorporates by reference its Preliminary Statement. Verizon admits that Verizon Communications Inc. is a Delaware corporation with headquarters in New York City, New York. Verizon admits that the notice described in paragraph 2 of Verizon's Preliminary Statement directed that "any court documents challenging the subpoena" be sent to Verizon Security Subpoena Compliance.

3. Verizon admits that the Court has subject matter jurisdiction. The remaining allegations in paragraph 3 summarize the claims in this Complaint to which no response is required.

4. Verizon admits that venue is proper.

5. Verizon lacks sufficient information to admit or deny the allegations in paragraph 5.

6. The allegations in paragraph 6 reference actions taken by the U.S. House of Representatives that are recorded in the Congressional Record of the 177th Congress for the Legislative Day occurring on June 30, 2021. Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.

7. The allegations in the first sentence of paragraph 7 purport to summarize the

publicly available document, House Resolution 503 ("H. Res. 503") from the 117th Congress, to which no response is required. Verizon refers the Court to the full text of the document for a complete record of its contents. Based on the Subpoena, Verizon admits that Rep. Bennie Thompson is the Chairman of the Select Committee. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 7.

8. The allegations in paragraph 8 purport to summarize H. Res. 503, to which no response is required. Verizon refers the Court to the full text of the document for a complete record of its contents.

9. The allegations in paragraph 9 purport to summarize H. Res. 503 and are legal arguments, to which no response is required. Verizon refers the Court to the full text of the document for a complete record of its contents.

10. The allegations in paragraph 10 purport to summarize H. Res. 503 and are legal arguments, to which no response is required. Verizon refers the Court to the full text of the document for a complete record of its contents.

11. The allegations in paragraph 11 purport to summarize H. Res. 503 and are legal arguments, to which no response is required. Verizon refers the Court to the full text of the document for a complete record of its contents.

12. Verizon incorporates by reference its Preliminary Statement. Verizon admits that it received the Subpoena, dated December 15, 2021, demanding the production of the records described in paragraph 1 of Verizon's Preliminary Statement associated with phone numbers listed in Section B of the Subpoena. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 12.

13. Verizon incorporates by reference its Preliminary Statement. Verizon admits that

the notice sent to Mr. Scavino's counsel noted that Verizon "received a subpoena requiring the production of certain records associated with the phone number referenced above" and attached a copy of the Subpoena, but excluded Section B.

14. Verizon incorporates by reference its Preliminary Statement. Verizon admits that it did not provide Plaintiff's counsel with a copy of Section B. The remaining allegations purport to characterize the Subpoena, to which no response is required. To the extent any response is necessary, Verizon refers the Court to the Subpoena, attached to the Complaint as Exhibit A at Dkt. No. 1-1, for a complete record of its contents.

15. Verizon incorporates by reference its Preliminary Statement. Verizon admits that the Subpoena demands the production of the telephone records described in paragraph 1 of Verizon's Preliminary Statement for the time period from November 1, 2020, through and including January 31, 2021. Verizon denies that the Subpoena demanded "all calls, text messages, or other records of communications." Verizon further denies that the Subpoena demanded the production of any content. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 15.

16. With respect to paragraph 16, Verizon incorporates by reference its responses to paragraphs 1 through 15 in the Complaint.

17. The allegations in paragraph 17 are legal arguments to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the cases cited in paragraph 17 for a complete record of their contents.

18. The allegations in paragraph 18 are legal arguments to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the cases and Constitutional provision cited in paragraph 18 for a complete record of their contents.

19. The allegations in paragraph 19 are legal arguments to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 19 for a complete record of its contents.

20. The allegations in paragraph 20 are legal arguments to which no response is required.

21. The allegations in paragraph 21 purport to quote from a transcript in another case to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the transcript cited in paragraph 21 for a complete record of its contents.

22. The allegations in paragraph 22 are legal arguments and purported quotations of statements by Congresspersons to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the articles cited in paragraph 22 for a complete record of their contents.

23. The allegations in paragraph 23 are legal arguments and requests for relief to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 23 for a complete record of its contents.

24. With respect to paragraph 24, Verizon incorporates by reference its responses to paragraphs 1 through 23 in the Complaint.

25. The allegations in paragraph 25 are legal arguments to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the statute cited in paragraph 25 for a complete record of its contents.

26. The allegations in paragraph 26 are legal arguments to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the statute cited in paragraph 26 for a complete record of its contents.

27. Verizon incorporates by reference its Preliminary Statement. Verizon denies that the Subpoena demands the production of "contents of a communication." Verizon respectfully refers the Court to the full text of the Subpoena at Dkt. No. 1-1 for a complete record of its contents. The remaining allegations in paragraph 27 are legal arguments and requests for relief to which no response is required.

28. With respect to paragraph 28, Verizon incorporates by reference its responses to paragraphs 1 through 27 in the Complaint.

29. The allegations in paragraph 29 are legal arguments to which no response is required.

30. Verizon lacks sufficient information to admit or deny the allegations in paragraph 30.

31. The allegations in paragraph 31 are legal arguments to which no response is required.

32. The allegations in paragraph 32 are legal arguments and requests for relief to which no response is required.

**PRAYER FOR RELIEF**

Plaintiff's Prayer for Relief does not require a response, but to the extent any response is necessary, Verizon takes no position whether Plaintiff is entitled to the requested relief and judgment.

Dated: May 24, 2022									Respectfully submitted,


											/s/ Reid M. Figel
											Reid M. Figel
											**KELLOGG, HANSEN, TODD,**
											  **FIGEL & FREDERICK, P.L.L.C.**
											1615 M Street, N.W., Suite 400
											Washington, D.C. 20036
											Tel: (202) 326-7900
											rfigel@kellogghansen.com

											*Counsel for Defendant Verizon*
											*Communications Inc.*