IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DANIEL J. SCAVINO, JR.,** | ) | 1:22-cv-00018-DLF |
| **PLAINTIFF,** | ) | |
| v. | ) | |
| **VERIZON COMMUNICATIONS INC.,** | ) | |
| **DEFENDANT.** | ) | |

### JOINT MEET AND CONFER REPORT AND PROPOSED SCHEDULING ORDER

On June 7, 2022, the parties, Plaintiff Daniel J. Scavino, Jr. ("Mr. Scavino) and Verizon Communications Inc. ("Verizon"), through counsel, conferred by telephone to discuss the topics identified in Fed. R. Civ. P. 26(f) and LCvR 16.3(c). Participants for Mr. Scavino included attorneys Stanley E. Woodward, Jr. and Mark Nobile. Participants for Verizon included attorneys Reid M. Figel and Eliana Margo Pfeffer. Having met and conferred, and pursuant to the Court's Minute Order of May 24, 2022, LCvR 16.3(d), and Fed. R. Civ. P. 26(f), the parties submit the following Joint Meet and Confer Report and Proposed Scheduling Order.

**I.    Joint Meet and Confer Report**

1. The parties discussed the nature and basis of their claims and defenses, and agree it is likely to be disposed of by dispositive motion.

2. As of this date, the parties do not believe that a deadline for joinder or amendment is necessary.

3. Mr. Scavino does not consent to the assignment of this case to a magistrate judge. Verizon takes no position with respect to any such assignment.

4. Mr. Scavino does not believe there is a realistic possibility of settlement. Verizon is not the "real defendant in interest," is "prepared to comply with the subpoena in the absence of a protective court order," and "has no stake in the controversy beyond knowing whether its legal obligation is to comply with the subpoena or not." *United States v. AT&T Co.*, 551 F.2d 384, 385 (D.C. Cir. 1976). Thus, Verizon is not in a position to engage in settlement discussions.

5. Mr. Scavino does not believe alternate dispute resolution is feasible in this action. Verizon is not the "real defendant in interest," is "prepared to comply with the subpoena in the absence of a protective court order," and "has no stake in the controversy beyond knowing whether its legal obligation is to comply with the subpoena or not." *United States v. AT&T Co.*, 551 F.2d 384, 385 (D.C. Cir.

1976). Thus, Verizon is not in a position to engage in any alternative dispute resolution procedures.

6. The parties agree the case is likely to be resolved by summary judgment motions and proffer the below briefing schedule for the Court's consideration.

7. The parties agree that to the extent discovery is necessary, they can stipulate to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure. Verizon does not believe discovery is necessary for the Court to resolve this matter.

8. Mr. Scavino anticipates discovery could include (i) any communication between Verizon and the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitiol concerning the subpoena at issue in this matter; (ii) any communications between Verizon and the Select Committee more generally; and (iii) any communications about the Select Committee more generally. Specifically, as alleged in Mr. Scavino's complaint, the "copy of the subpoena" provided by Verizon to Mr. Scavino included no information concerning the authority of the Select Committee to request the information sought. As the Supreme Court recognized more than sixty (60) years ago, the "pertinency" of a congressional subpoena involves "two quite different issues." *Deutch v. United States*, 367 U.S. 456, 468 (1961). First, as the Supreme Court recently affirmed, a congressional subpoena is valid only if it is "related to, and in furtherance of, a legitimate task of Congress and must serve a valid legislative purpose. *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031 (2020) (quoting *McGrain v. Daugherty*, 273 U.S. 135, 161 (1927)). Second, assuming *arguendo* a valid legislative purpose, congress must also establish a nexus between the material sought and its proffered matters of inquiry. *See id.* at 2024 ("Most importantly, a congressional subpoena is valid only if it is 'related to, and in furtherance of, a legitimate task of the Congress.'" (quoting *Watkins*, 354 U.S. at 187)). As the Supreme Court explained in *Deutch*, "[t]he other and different pertinency issue [requires] that the questions propounded by the congressional committee were in fact 'pertinent to the matter under inquiry' by the committee." To the extent that the Select Committee provided any articulable basis for its legitimate need for information related to Mr. Scavino, communications concerning that representation are indisputably relevant to the instant litigation. Similarly, if the Select Committee corresponded with Verizon concerning the legitimate need for information related to Verizon customers other than Mr. Scavino, without articulating a legitimate need for information related to Mr. Scavino, that correspondence would also be indisputably relevant to the instant litigation. Moreover, if no such correspondence exists than the burden on Verizon will be negligible, at best. To that end, Mr. Scavino intends to work with Verizon in good faith to minimize the amount of any discovery actually requested in this matter. Of course, Mr. Scavino is aware that similarly situated actions in this District have been resolved without discovery. However, Mr. Scavino submits that this case is uniquely postured such that the correspondence referenced above may be necessary for the Court to resolve this action and Mr. Scavino respectfully requests the Court not preclude discovery in this matter absent the opportunity for

both parties to fully brief the potential necessity of the same.

Verizon does not believe discovery is necessary for the Court to resolve this matter. Several other courts in this district have disposed of similar cases without discovery. *E.g.*, *Republican Nat'l Comm. v. Pelosi*, No. CV 22-659 (TJK), 2022 WL 1294509, at *6-7 (D.D.C. May 1, 2022); *appeal pending* D.C. Cir. No. 22-5123; *Trump v. Thompson*, 20 F.4th 10 (D.C. Cir. 2021), *cert. denied*, 142 S. Ct. 1350 (2022) (finding that the January 6th Committee operated pursuant to a valid legislative purpose). To the extent the Court finds that discovery is necessary here, Verizon asserts that it can be limited to interrogatories pursuant to Federal Rule of Civil Procedure 33, and requests for admission pursuant to Federal Rule of Civil Procedure 36.

9. The parties have taken steps to preserve all documents and electronically stored information that might be discoverable in this matter.

10. The parties anticipate the possibility of privilege assertions based on the attorney-client privilege and/or the attorney work-product protection privilege pursuant to Federal Rules of Evidence 501 and 502.

11. The parties do not anticipate the need for any expert testimony.

12. This action is not a class action.

13. The parties see no need to conduct discovery in phases or to bifurcate trial.

14. The parties agree that, if necessary, a pretrial conference can be set after the Court has ruled on the anticipated dispositive motions.

15. The parties agree that, if necessary, a trial date can be set after the Court has ruled on the anticipated dispositive motions.

II. **Proposed Scheduling Order:**

| Deadline | Proposed Date |
| --- | --- |
| Close of Discovery | August 6, 2022 (60 days)* |
| Dispositive Motions | September 5, 2022 (30 days) |
| Response | October 5, 2022 (30 days) |
| Reply in Support | October 19, 2022 (14 days) |

* Verizon maintains that no discovery is necessary in this case, and that all deadlines can therefore be adjusted accordingly.

**[SIGNATURE ON NEXT PAGE]**

Dated: June 7, 2022  Respectfully submitted,

           */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Plaintiff Daniel J. Scavino, Jr.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DANIEL J. SCAVINO, JR.,** | ) ) ) ) ) ) ) ) ) ) ) ) | 1:22-cv-00018-DLF |
| **PLAINTIFF,** | | |
| v. | | |
| **VERIZON COMMUNICATIONS INC.,** | | |
| **DEFENDANT.** | | |

## CERTIFICATE OF SERVICE

On June 7, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

        Respectfully submitted,

        */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC 20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Plaintiff Daniel J. Scavino, Jr.*