# EXHIBIT A

# SUBPOENA

## BY AUTHORITY OF THE HOUSE OF REPRESENTATIVES OF THE CONGRESS OF THE UNITED STATES OF AMERICA

*To*  Verizon
Attn: VSAT
_____

You are hereby commanded to be and appear before the

Select Committee to Investigate the January 6th Attack on the United States Capitol
_____

of the House of Representatives of the United States at the place, date, and time specified below.

[✓]  **to produce the things identified on the attached schedule** touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

> Place of production: 1540A Longworth House Office Building, Washington, DC 20515
>
> Date: December 29, 2021                    Time: 10:00 a.m.

[ ]  **to testify at a deposition** touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

> Place of testimony: _____
>
> Date: _____                    Time: _____

[ ]  **to testify at a hearing** touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

> Place of testimony: _____
>
> Date: _____                    Time: _____

*To*  any authorized staff member or the United States Marshals Service
_____
_____ to serve and make return.

Witness my hand and the seal of the House of Representatives of the United States, at

the city of Washington, D.C. this 15th   day of December                    , 20 21 .

_____
*Chairman or Authorized Member*

Attest:
_____
*Clerk*

# PROOF OF SERVICE

Subpoena for Verizon
            Attn: VSAT

Address  via email to VSAT at VerizonLegalProcessCompliace@verizon.com

before the  Select Committee to Investigate the January 6th Attack on the United States Capitol

*U.S. House of Representatives*
*117th Congress*

Served by (print name)

Title

Manner of service

Date

Signature of Server

Address

BENNIE G. THOMPSON, MISSISSIPPI
CHAIRMAN

ZOE LOFGREN, CALIFORNIA
ADAM B. SCHIFF, CALIFORNIA
PETE AGUILAR, CALIFORNIA
STEPHANIE N. MURPHY, FLORIDA
JAMIE RASKIN, MARYLAND
ELAINE G. LURIA, VIRGINIA
LIZ CHENEY, WYOMING
ADAM KINZINGER, ILLINOIS



U.S. House of Representatives
Washington, DC 20515

january6th.house.gov
(202) 225-7800

One Hundred Seventeenth Congress

Select Committee to Investigate the January 6th Attack on the United States Capitol

December 15, 2021

VIA EMAIL

Verizon
VSAT
180 Washington Valley Road
Bedminster, NJ 07921
VerizonLegalProcessCompliace@verizon.com

Dear Sir or Madam:

Pursuant to the authorities set forth in House Resolution 503 and the rules of the House of Representatives, the Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee") hereby transmits a subpoena that compels you to produce the documents set forth in the accompanying schedule by December 29, 2021.

The Select Committee is investigating the facts, circumstances, and causes of the January 6th attack and issues relating to the peaceful transfer of power, in order to identify and evaluate problems and to recommend to the House and its relevant committees corrective laws, policies, procedures, rules, or regulations. The inquiry includes examination of how various individuals and entities coordinated their activities leading up to the events of January 6, 2021, including through the use of phones.

The investigation has revealed credible evidence that the phone numbers that are the subject of the subpoena were used by individuals who reportedly played a role in the planning, funding, organization, execution, and promotion of rallies on January 5th and 6th in Washington, D.C. (collective, "rally organizers"), some of whose attendees participated in the January 6th attack; or by people who communicated with rally organizers about the rallies; or by some of the individuals who have been charged with criminal offenses for activities related to the January 6, 2021, attack on the U.S. Capitol; or by state and federal government officials, campaign officials, or their respective close advisers or associates who reportedly were involved in or were first-hand witnesses to efforts to promote the false election-fraud narrative and related legal challenges advanced by President Trump and those close to him.

Accordingly, the Select Committee seeks documents regarding these phone numbers, specifically, subscriber information and call detail records. The subpoena does not call for the production of the content of any communications or location information. A copy of the document

CONFIDENTIAL

Verizon
Page 2

production definitions and instructions are attached. Please contact staff for the Select Committee
at 202-225-7800 to arrange for the production of documents.

Sincerely,

Bennie G. Thompson
Chairman

Verizon
Page 3

## SCHEDULE

In accordance with the attached definitions and instructions, you, Verizon, are hereby required to produce the documents and records ("Records") listed in Section A, below, **for the time period November 1, 2020, to January 31, 2021,** concerning the phone numbers listed in Section B, below (the "Phone Numbers"). This schedule does not call for the production of the content of any communications or location information.

**Please email the records to SELECT_CLERKS@MAIL.HOUSE.GOV** or, in the alternative, send them by mail to 1540A Longworth House Office Building, Washington, DC 20515, care of Jacob Nelson, Select Committee to Investigate the January 6th Attack on the U.S. Capitol.

**Section A – Records to Be Produced for Each Phone Number**

1. Subscriber Information: All subscriber information for the Phone Number, including:

   a. Name, subscriber name, physical address, billing address, e-mail address, and any other address and contact information;

   b. All authorized users on the associated account;

   c. All phone numbers associated with the account;

   d. Length of service (including start date) and types of service utilized;

   e. Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN") Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI") associated with the accounts;

   f. Activation date and termination date of each device associated with the account;

   g. Any and all number and/or account number changes prior to and after the account was activated;

   h. Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses); and

2. Connection Records and Records of Session Times and Durations: All call, message (SMS & MMS), Internet Protocol ("IP"), and data-connection detail records associated with the Phone Numbers, including all phone numbers, IP addresses, or devices that communicated with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections.

Verizon
Page 4

**Section B – Phone Numbers**



1.
2.
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.

18.    914-316-0805

19.
20.

CONFIDENTIAL

## DOCUMENT PRODUCTION DEFINITIONS AND INSTRUCTIONS

1.  In complying with this request, produce all responsive documents, regardless of classification level, that are in your possession, custody, or control, whether held by you or your past or present agents, employees, and representatives acting on your behalf. Produce all documents that you have a legal right to obtain, that you have a right to copy, or to which you have access, as well as documents that you have placed in the temporary possession, custody, or control of any third party.

2.  Requested documents, and all documents reasonably related to the requested documents, should not be destroyed, altered, removed, transferred, or otherwise made inaccessible to the Select Committee to Investigate the January 6th Attack on the United States Capitol ("Committee').

3.  In the event that any entity, organization, or individual denoted in this request is or has been known by any name other than that herein denoted, the request shall be read also to include that alternative identification.

4.  The Committee's preference is to receive documents in a protected electronic form (i.e., password protected CD, memory stick, thumb drive, or secure file transfer) in lieu of paper productions. With specific reference to classified material, you will coordinate with the Committee's Security Officer to arrange for the appropriate transfer of such information to the Committee. This includes, but is not necessarily limited to: a) identifying the classification level of the responsive document(s); and b) coordinating for the appropriate transfer of any classified responsive document(s).

5.  Electronic document productions should be prepared according to the following standards:

    a.  If the production is completed through a series of multiple partial productions, field names and file order in all load files should match.

    b.  All electronic documents produced to the Committee should include the following fields of metadata specific to each document, and no modifications should be made to the original metadata:

        BEGDOC, ENDDOC, TEXT, BEGATTACH, ENDATTACH, PAGECOUNT, CUSTODIAN, RECORDTYPE, DATE, TIME, SENTDATE, SENTTIME, BEGINDATE, BEGINTIME, ENDDATE, ENDTIME, AUTHOR, FROM, CC, TO, BCC, SUBJECT, TITLE, FILENAME, FILEEXT, FILESIZE, DATECREATED, TIMECREATED, DATELASTMOD, TIMELASTMOD, INTMSGID, INTMSGHEADER, NATIVELINK, INTFILPATH, EXCEPTION, BEGATTACH.

CONFIDENTIAL

6.   Documents produced to the Committee should include an index describing the contents of the production. To the extent more than one CD, hard drive, memory stick, thumb drive, zip file, box, or folder is produced, each should contain an index describing its contents.

7.   Documents produced in response to this request shall be produced together with copies of file labels, dividers, or identifying markers with which they were associated when the request was served.

8.   When you produce documents, you should identify the paragraph(s) or request(s) in the Committee's letter to which the documents respond.

9.   The fact that any other person or entity also possesses non-identical or identical copies of the same documents shall not be a basis to withhold any information.

10.   The pendency of or potential for litigation shall not be a basis to withhold any information.

11.   In accordance with 5 U.S.C.§ 552(d), the Freedom of Information Act (FOIA) and any statutory exemptions to FOIA shall not be a basis for withholding any information.

12.   Pursuant to 5 U.S.C. § 552a(b)(9), the Privacy Act shall not be a basis for withholding information.

13.   If compliance with the request cannot be made in full by the specified return date, compliance shall be made to the extent possible by that date. An explanation of why full compliance is not possible shall be provided along with any partial production, as well as a date certain as to when full production will be satisfied.

14.   In the event that a document is withheld on any basis, provide a log containing the following information concerning any such document: (a) the reason it is being withheld, including, if applicable, the privilege asserted; (b) the type of document; (c) the general subject matter; (d) the date, author, addressee, and any other recipient(s); (e) the relationship of the author and addressee to each other; and (f) the basis for the withholding.

15.   If any document responsive to this request was, but no longer is, in your possession, custody, or control, identify the document (by date, author, subject, and recipients), and explain the circumstances under which the document ceased to be in your possession, custody, or control. Additionally, identify where the responsive document can now be found including name, location, and contact information of the entity or entities now in possession of the responsive document(s).

16.   If a date or other descriptive detail set forth in this request referring to a document

is inaccurate, but the actual date or other descriptive detail is known to you or is otherwise apparent from the context of the request, produce all documents that would be responsive as if the date or other descriptive detail were correct.

17.     This request is continuing in nature and applies to any newly-discovered information. Any record, document, compilation of data, or information not produced because it has not been located or discovered by the return date shall be produced immediately upon subsequent location or discovery.

18.     All documents shall be Bates-stamped sequentially and produced sequentially.

19.     Upon completion of the production, submit a written certification, signed by you or your counsel, stating that: (1) a diligent search has been completed of all documents in your possession, custody, or control that reasonably could contain responsive documents; and
(2) all documents located during the search that are responsive have been produced to the Committee.

### Definitions

1.      The term "document" means any written, recorded, or graphic matter of any nature whatsoever, regardless of classification level, how recorded, or how stored/displayed (e.g. on a social media platform) and whether original or copy, including, but not limited to, the following: memoranda, reports, expense reports, books, manuals, instructions, financial reports, data, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, communications, electronic mail (email), contracts, cables, notations of any type of conversation, telephone call, meeting or other inter-office or intra-office communication, bulletins, printed matter, computer printouts, computer or mobile device screenshots/screen captures, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices thereto), and graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures), and electronic, mechanical, and electric records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings) and other written, printed, typed, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, film, tape, disk, videotape, or otherwise. A document bearing any notation not a part of the original text is to be considered a separate document. A draft or non-identical copy is a separate document within the meaning of this term.

CONFIDENTIAL

2.      The term "communication" means each manner or means of disclosure or
        exchange of information, regardless of means utilized, whether oral, electronic,
        by document or otherwise, and whether in a meeting, by telephone, facsimile,
        mail, releases, electronic message including email (desktop or mobile device), text
        message, instant message, MMS or SMS message, message application, through a social
        media or online platform, or otherwise.

3.      The terms "and" and "or" shall be construed broadly and either conjunctively or
        disjunctively to bring within the scope of this request any information that might
        otherwise be construed to be outside its scope. The singular includes plural number,
        and vice versa. The masculine includes the feminine and neutral genders.

4.      The term "including" shall be construed broadly to mean "including, but not limited
        to."

5.      The term "Company" means the named legal entity as well as any units, firms,
        partnerships, associations, corporations, limited liability companies, trusts,
        subsidiaries, affiliates, divisions, departments, branches, joint ventures,
        proprietorships, syndicates, or other legal, business or government entities over
        which the named legal entity exercises control or in which the named entity has any
        ownership whatsoever.

6.      The term "identify," when used in a question about individuals, means to
        provide the following information: (a) the individual's complete name and title;
        (b) the individual's business or personal address and phone number; and (c)
        any and all known aliases.

7.      The term "related to" or "referring or relating to," with respect to any given
        subject, means anything that constitutes, contains, embodies, reflects, identifies,
        states, refers to, deals with, or is pertinent to that subject in any manner
        whatsoever.

8.      The term "employee" means any past or present agent, borrowed employee,
        casual employee, consultant, contractor, de facto employee, detailee,
        assignee, fellow, independent contractor, intern, joint adventurer, loaned
        employee, officer, part-time employee, permanent employee, provisional
        employee, special government employee, subcontractor, or any other type of
        service provider.

9.      The term "individual" means all natural persons and all persons or entities
        acting on their behalf.

CONFIDENTIAL