**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DANIEL J. SCAVINO, JR. | ) | |
| | ) | 1:22-cv-00018-DLF |
| *Plaintiff*, | ) | |
| v. | ) | |
| | ) | |
| VERIZON COMMUNICATIONS INC. | ) | |
| | ) | |
| *Defendant*. | ) | |

**DEFENDANT VERIZON COMMUNICATIONS INC.'S OPPOSITION TO
PLAINTIFF DANIEL J. SCAVINO JR.'S MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................................1

FACTUAL BACKGROUND ................................................................................................3

LEGAL STANDARD ............................................................................................................4

ARGUMENT .........................................................................................................................5

I.   Verizon Takes No Position On Scavino's Claims That The Subpoena Is Invalid ........................................................................................................................5

II.  The Telecommunications Laws Do Not Prohibit Verizon From Complying With The Subpoena ..................................................................................................6

CONCLUSION ......................................................................................................................7

# TABLE OF AUTHORITIES[*]

**Cases**                                                                                                         Page

*Bridgeway Corp. v. Citibank*, 201 F.3d 134 (2d Cir. 2000) ...........................................................4

*Budowich v. Pelosi*, 2022 WL 2274359 (D.D.C. June 23, 2022) ....................................................5

*Gulliver v. Nat'l R.R. Passenger Corp. (Amtrak)*, 2019 WL 2613214
    (D.D.C. Apr. 25, 2019) ..................................................................................................4

*Jian Yang Lin v. Shanghai City Corp*, 950 F.3d 46 (2d Cir. 2020) ..................................................4

*Leahy v. District of Columbia*, 833 F.2d 1046 (D.C. Cir. 1987) .....................................................4

*Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*,
    79 F. Supp. 3d 60 (D.D.C. 2015) ..................................................................................2

*\*Republican Nat'l Comm. v. Pelosi*, 2022 WL 1294509 (D.D.C. May 1, 2022),
    *vacated on other grounds*, 2022 WL 4349778 (D.C. Cir. Sept. 16, 2022) ...............5

*Shipman v. Nat'l R.R. Passenger Corp.*, 76 F. Supp. 3d 173 (D.D.C. 2014) ..................................4

*\*Trump v. Thompson*, 20 F.4th 10 (D.C. Cir. 2021), *cert. denied*, 142 S. Ct. 1350 (2022) ........1, 5

*\*Trump v. Mazars USA, LLP*, 140 S. Ct. 2019 (2020) ...................................................................5

*\*United States v. Am. Tel. & Tel. Co.*, 551 F.2d 384 (D.C. Cir. 1976) .......................................1, 5

*Wilson v. Nextel Commc'ns*, 296 F. Supp. 3d 56 (D.D.C. 2017) .....................................................6

*Winston & Strawn, LLP v. McLean*, 843 F.3d 503 (D.C. Cir. 2016) ...............................................4

**Statutes, Rules, and Legislative Materials**

\*Stored Communication Act:

    18 U.S.C. § 2702 .............................................................................................1, 2, 6

    18 U.S.C. § 2702(a) ..................................................................................................2

    18 U.S.C. § 2702(a)(1) .............................................................................................6

    18 U.S.C. § 2703(e) .................................................................................................6

---

[*] Authorities on which counsel chiefly relies are denoted with an asterisk, per Local Civil Rule 47(a).

*Telecommunications Act of 1996:

    47 U.S.C. § 222 ................................................................................................1, 2, 6

    47 U.S.C. § 222(c)(1) ..............................................................................................2, 6

*Fed. R. Civ. P. 56(a) ........................................................................................................2, 4

Fed. R. Civ. P. 56(f) .........................................................................................................4, 7

Fed. R. Civ. P. 56(f)(3) .........................................................................................................2

L. R. Civ. P. 7(h) ..................................................................................................................2

L. R. Civ. P. 7(h)(1) .............................................................................................................3

H.R. Res. 503, 117th Cong. (2021) ......................................................................................1

    § 4(a) ........................................................................................................................1

## INTRODUCTION

Verizon Communications Inc. ("Verizon")—the sole defendant in this litigation—is not the real party in interest in this case. Accordingly, Verizon respectfully submits this motion seeking the denial of Plaintiff's motion for summary judgment, and suggests that the Court consider dismissing this action *sua sponte*.

"On June 30, 2021, the United States House of Representatives created the Select Committee to Investigate the January 6th Attack on the United States Capitol [the 'Select Committee']." *Trump v. Thompson*, 20 F.4th 10, 19 (D.C. Cir. 2021) (citing H.R. Res. 503, 117th Cong. (2021)), *cert. denied*, 142 S. Ct. 1350 (2022). Among other things, the House directed the Select Committee to "investigate the facts, circumstances, and causes relating to the domestic terrorist attack on the Capitol" and "issue a final report to the House containing such findings, conclusions, and recommendations for corrective measures." *Id.* (quoting H.R. Res. 503 § 4(a)).

On December 15, 2021, Verizon received a subpoena from the Select Committee for Plaintiff Daniel J. Scavino Jr.'s telecommunication records (the "Subpoena"). In his motion for summary judgment, Scavino challenges the Select Committee's authority to issue the Subpoena for these records (at 5-7), claims the Subpoena improperly burdens former President Trump (at 7-8), and asserts that both Title II of the Electronic Communications Privacy Act of 1986, called the Stored Communications Act, 18 U.S.C. § 2702, and the Telecommunications Act of 1996, 47 U.S.C. § 222, prohibit Verizon from complying with the Subpoena (at 8).

Although named as the defendant in this litigation, Verizon is not "the real defendant in interest." *United States v. Am. Tel. & Tel. Co.*, 551 F.2d 384, 385 (D.C. Cir. 1976). The company "has no stake in th[is] controversy beyond knowing whether its legal obligation is to comply with the subpoena or not." *Id.* Verizon therefore has no interest in either defending or

opposing the Subpoena. Verizon's interest in this case is limited to opposing Scavino's argument that neither the Stored Communications Act, nor the Telecommunications Act, prohibit Verizon from producing the records sought by the Subpoena.

Scavino's motion should be denied for two reasons. *First*, Scavino has failed to provide the Court with either factual or relevant legal support for his argument that the Subpoena is unenforceable. *Second*, the telecommunications laws Scavino cited do not prohibit Verizon's production of the documents sought by the Subpoena. The Stored Communications Act's prohibition on producing content, *see* 18 U.S.C. § 2702(a), does not apply in this case because the Subpoena does not, by its terms, seek the production of any content. Additionally, the Telecommunications Act does not prohibit Verizon from producing the records sought by the Select Committee. Producing documents in response to a subpoena is explicitly permitted by the statute, which permits providers to produce telecommunications record "as required by law." 47 U.S.C. § 222(c)(1).

As the movant, it is Scavino's burden to demonstrate that he is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 79 F. Supp. 3d 60, 73-74 (D.D.C. 2015) ("[W]here the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." (quotation omitted)). Scavino has failed to meet that burden. The cases Scavino cites do not support his arguments, he has failed to grapple with contrary authority in this district, and he has not submitted a statement of undisputed material facts as required by Local Rule 7(h). Thus, Verizon respectfully requests that the Court "consider summary judgment on its own." Fed. R. Civ. P. 56(f)(3). Disposition of this case by

summary judgment—rather than prolonging litigation of a case where Plaintiff cannot prove that he is entitled to relief—is the appropriate manner to conclude this action.

## FACTUAL BACKGROUND

Verizon received the Subpoena from the Select Committee seeking the production of certain records for a wireless telephone number used by Plaintiff. Verizon's Local Rule 7(h)(1) Statement of Material Facts as to Which There is No Genuine Issue ("SOF") ¶ 1.[1] According to the Subpoena, the Select Committee was conducting an "examination of how various individuals and entities coordinated their activities leading up to the events of January 6, 2021, including through the use of phones." SOF ¶ 2; *see also* ECF No. 14-1, Pl.'s Mot. for Summ. J., Ex. A at 4. The "[r]ecords to [b]e [p]roduced" were subscriber information[2], and connection records, and records of session times and durations (also referred to as "call detail records")—not content.[3]

---

[1] Scavino did not file his own Statement of Material Facts as to Which There is No Genuine Issue pursuant to Local Rule 7(h)(1), but merely asserted (at 1-3)—without citation to any record evidence—that many facts were undisputed.

[2] Subscriber Information is defined in the Subpoena as "including: a. Name, subscriber name, physical address, billing address, e-mail address, and any other address and contact information; b. All authorized users on the associated account; c. All phone numbers associated with the account; d. Length of service (including start date) and types of service utilized; e. Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ('ESN'), Mobile Electronic Identity Numbers ('MEIN') Mobile Equipment Identifier ('MEID'), Mobile Identification Numbers ('MIN'), Subscriber Identity Modules ('SIM'), Mobile Subscriber Integrated Services Digital Network Number ('MSISDN'), International Mobile Subscriber Identifiers ('IMSI'), or International Mobile Equipment Identities ('IMEI') associated with the accounts; f. Activation date and termination date of each device associated with the account; g. Any and all number and/or account number changes prior to and after the account was activated; h. Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ('IP') addresses)." ECF No. 14-1 at 6.

[3] According to the Subpoena, "Connection Records and Records of Session Times and Durations" includes "[a]ll call, message (SMS & MMS), Internet Protocol ('IP'), and data-connection detail records associated with the Phone Numbers, including all phone numbers, IP addresses, or devices that communicated with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections." ECF No. 14-1 at 6.

3

SOF ¶ 3; *see also* ECF No. 14-1 at 6.  Further, attached to the Subpoena was a cover letter from the Select Committee Chairman, stating that "[t]he [S]ubpoena does not call for the production of the content of any communications."  SOF ¶ 4; *see also* ECF No. 14-1 at 4.

## LEGAL STANDARD

A court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507 (D.C. Cir. 2016) (quotation and alterations omitted). "At this stage, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Gulliver v. Nat'l R.R. Passenger Corp. (Amtrak)*, 2019 WL 2613214, at *1 (D.D.C. Apr. 25, 2019) (Friedrich, J.) (quotation omitted).

Additionally, under Federal Rule of Civil Procedure 56(f), "[d]istrict courts have the discretion to grant summary judgment *sua sponte*, even without notice in certain circumstances." *Jian Yang Lin v. Shanghai City Corp*, 950 F.3d 46, 49 (2d Cir. 2020) (quotation omitted); *see also Leahy v. District of Columbia*, 833 F.2d 1046, 1047 (D.C. Cir. 1987) ("[S]ummary judgment may be rendered in favor of opposing party even though [that party] has made no formal cross-motion under Rule 56." (quotation omitted)).  Any potential "threat of procedural prejudice is greatly diminished if the court's *sua sponte* determination is based on issues identical to those raised by the moving party."  *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 140 (2d Cir. 2000) (quotation omitted); *Shipman v. Nat'l R.R. Passenger Corp.*, 76 F. Supp. 3d 173, 184 (D.D.C. 2014) (granting summary judgment *sua sponte* on behalf of a nonmovant).

4

**ARGUMENT**

I.     **Verizon Takes No Position On Scavino's Claims That The Subpoena Is Invalid**

While Verizon is the named defendant in this action, Verizon is essentially a third party. Verizon takes no position on the Subpoena's validity. *Am. Tel. & Tel.*, 551 F.2d at 385. Indeed, Verizon "has no stake in the controversy beyond knowing whether its legal obligation is to comply with the subpoena or not." *Id.*

But Scavino bears the burden of establishing that he is entitled to summary judgment. Verizon notes that the D.C. Circuit has held that the Select Committee's investigation has a "valid legislative purpose," *see Thompson*, 20 F.4th at 41-42 (quotation omitted), and courts in this district have found that several other of the Select Committee's subpoenas were issued in furtherance of that legitimate legislative purpose. *See, e.g.*, *Republican Nat'l Comm. v. Pelosi*, 2022 WL 1294509, at *8 (D.D.C. May 1, 2022) (rejecting a similar challenge to a subpoena issued to Salesforce.com), *vacated on other grounds*, 2022 WL 4349778 (D.C. Cir. Sept. 16, 2022) (per curiam); *Budowich v. Pelosi*, 2022 WL 2274359, at *7 (D.D.C. June 23, 2022) (rejecting similar challenge to similar subpoena issued to bank).

Further, Scavino bears the burden of demonstrating that the Subpoena must be quashed because it would "improperly burden" the former President. Even crediting Scavino's assertions (made without citation to record evidence, at 7) that "any function of [Scavino] in" the January 6th attack "would have necessarily been related to [Scavino's] official duties," Scavino has made no showing that production of any records pursuant to the Subpoena would be a "burden[] imposed on [a] President." *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2036 (2020). Accordingly, Scavino has not met his burden with respect to this aspect of his motion, and has

not established that the Subpoena is "unenforceable" as a matter of law.  ECF No. 14-1, Pl.'s Mot. for Summ. J. at 8.

## II. The Telecommunications Laws Do Not Prohibit Verizon From Complying With The Subpoena

Scavino also asserts (at 8) that both the Stored Communications Act and the Telecommunications Act of 1996 prohibit Verizon from complying with the Subpoena.  This is unsupported by the facts and the law.

As Scavino acknowledges, the relevant portion of the Stored Communications Act prohibits "a person or entity providing an electronic communication service to the public" from "divulg[ing] to any person or entity the *contents* of a communication while in electronic storage by that service."  18 U.S.C. § 2702(a)(1) (emphasis added).  But by its own language and defined terms, the Subpoena does not call for the production of "content."  *See* SOF ¶ 3.  Moreover, the accompanying cover letter from the Select Committee states that "[t]he [S]ubpoena does not call for the production of the content of any communications."  SOF ¶ 4; *see also* ECF No. 14-1 at 4.  Scavino's claim that the Stored Communications Act prohibits the production of records requested by the Select Committee is therefore unfounded.

Further, the Telecommunications Act permits the production of customer proprietary network information when "*required by law.*"  47 U.S.C. § 222(c)(1) (emphasis added); *see also* 18 U.S.C. § 2703(e); *Wilson v. Nextel Commc'ns*, 296 F. Supp. 3d 56, 59 (D.D.C. 2017) (noting that § 222(c)(1) permits providers to disclose information in response to a subpoena).  Here, the Select Committee has issued a facially valid subpoena seeking the production of subscriber information and call detail records; the production of those records by Verizon is therefore "required by law" and specifically permitted by section 222(c)(1).

Scavino has failed to identify any factual or legal basis for an order prohibiting Verizon from complying with the Subpoena. The Court should therefore consider summary judgment *sua sponte*.

## CONCLUSION

For these reasons, the Court should deny Scavino's motion for summary judgment, and consider summary judgment *sua sponte* pursuant to Rule 56(f).

Dated:  October 5, 2022                                         Respectfully submitted,

/s/ *Reid M. Figel*
Reid M. Figel (D.C. Bar No. 465054)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street N.W., Suite 400
Washington, D.C.  20036
202-326-7900 (ph)
rfigel@kellogghansen.com

*Counsel for Defendant*
*Verizon Communications Inc.*