IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DANIEL J. SCAVINO, JR.,** | ) | 1:22-cv-00018-DLF |
| **PLAINTIFF,** | ) | |
| v. | ) | |
| **VERIZON COMMUNICATIONS INC.,** | ) | |
| **DEFENDANT.** | ) | |

### REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Unsurprisingly, Verizon does not address Mr. Scavino's underlying argument that the Select Committee failed to sufficiently proffer a "valid legislative purpose" specific to the subpoena at issue. "[C]ourts should be attentive to the nature of the evidence offered by Congress to establish that a subpoena advances a legitimate legislative purpose. The more detailed and substantive the evidence of Congress's legislative purpose, the better." *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2024 (2020) (citing *Watkins v. United States*, 354 U.S. 178, 201 (1957)). *See also Deutch v. United States*, 367 U.S. 456, 467-469 (1961) ("[T]he questions propounded by the congressional committee [must be] in fact 'pertinent to the question under inquiry' by the committee.").

Indeed, Verizon takes literally no position on whether the congressional subpoena is valid and enforceable.[1] Opp. at 9 (Oct. 5, 2022) (ECF No. 15). Nevertheless, Verizon contends that,

---

[1] Although Verizon claims it, "is not the real party in interest in this case," Opp. at 5 (Oct. 5, 2022) (ECF No. 15), it is beyond dispute that an individual whose records are subpoenaed by Congress cannot bring suit as against our Legislative Branch to quash such a subpoena. *See Rangel v. Boehner*, 785 F.3d 19, 23 (D.C. Cir. 2015) (noting that the Speech and Debate Clause is interpreted broadly to achieve its purposes). *See also Doe v. McMillan*, 412 U.S. 306, 312 (1973) (holding that the Speech and Debate clause protects "all legislative acts."); *Kilbourn v. Thompson*,103 U.S. 168, 204 (1880) (noting that an act is legislative and protected from suit under the Speech and Debate Clause if it is, "generally done in a session of the House by one of its members in relation to the business

1

"the D.C. Circuit has held that the Select Committee's investigation has a valid legislative purpose[.]" *Id.* at 9 (internal quotation omitted) (citing *Trump v. Thompson*, 20 F.4th 10, 41-42 (D.C. Cir. 2021)).  Verizon then cites actions against the Select Committee seeking to quash subpoenas that were dismissed.  *Id.* at 9 (citing *RNC v. Pelosi*, 2022 U.S. Dist. LEXIS 78501, at *75 (D.D.C. May 1, 2022) (rejecting a challenge of a subpoena issued to a third-party data hosting site), *vacated*, 2022 U.S. App. LEXIS 26068 (D.C. Cir. Sept. 16, 2022) (per curiam); *Budowich v. Pelosi*, 2022 WL 2274359, at *7 (D.D.C. June 23, 2022) (rejecting a challenge of a subpoena to a financial institution for bank records filed after both the Plaintiff and financial institution had partially complied with the subpoena)).

Again, however, this suggestion ignores Mr. Scavino's assertion that a congressional committee must sufficiently proffer a "valid legislative purpose" for *every* subpoena it issues and that the content sought by the subpoena must have some nexus to that valid legislative purpose. *Mazars*, 140 S. Ct. at 2024; *Deutch*, 367 U.S. at 467-469.  Moreover, the subpoena issued for Mr. Scavino's telephone records is readily distinguishable from the actions cited by Verizon. *RNC*, for example, was dismissed at the Select Committee's request and Verizon ignores the D.C. Circuit's admonition that the Select Committee had "reversed course" in its articulation for the necessity of the records sought by the subpoena giving rise to the suit.  *See RNC v. Pelosi*,

---

before it").

In suits of similar nature where Congress is the real party in interest, Congress (or certain members of Congress in their official capacity) has intervened or been otherwise involved where they felt strongly about receiving the information requested via the subpoena.  *See United States v. Windsor*, 570 U.S. 744, 754 (2013) (allowing certain members of Congress to intervene in a lawsuit and finding standing because these members of Congress were interested parties to the underlying conflict).  Here, Congress has either failed or has made the explicit decision to intervene in this action and defend the validity of the subpoena at issue.  This fact should demonstrate, at the very least, that Congress does not view the material subpoenaed as necessary to the Select Committee's investigation. *See Harrington v. Sessions (In re Brewer)*, 863 F.3d 861, 872 (D.C. Cir. 2017) ("A nonparty must timely move for intervention once it becomes clear that failure to intervene would jeopardize [the nonparty's] interest in the action." (citing *United States Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977)).

2

2022 U.S. App. Lexis 26068 (D.C. Cir. Sep. 16, 2022) ("Because the committee caused the mootness [by withdrawing their subpoena and representing that it no longer seeks the subpoenaed information]. . . and given the important and unsettled constitutional questions that the appeal would have presented, we vacate the district court's judgment."). Similarly, the District Court's dismissal in *Budowich* is inapposite insofar as the subpoenaed financial records had already been produced and the Budowich had not sought to quash the subpoena prior to filing the action. *See Budowich*, 2022 U.S. Dist. LEXIS 111563, at *24-29.

With respect to the Telecommunications Act, the Court need only reach this issue should it conclude the Select Committee's subpoena is valid. Although Verizon submits that because the subpoena states that it does not seek "content" from Verizon, complying with the subpoena would not violate the Stored Communications Act, Opp. at 10 (ECF 15). Although Mr. Scavino does not concede that the Select Committee's mere instructions that it does not want "content" absolves it from violating the Stored Communications Act, a subpoena that seeks disclosure of the existence of and other details of privileged communications has been held invalid. *See In re Grand Jury Investigation, Etc.*, 587 F.2d 589, 597-98 (3d Cir. 1978) (limiting a subpoena requesting toll records of a congressman's calls on the basis that, even though such information would not provide contents of the phone calls covered by the record, compliance would result in the production of information relating to potentially privileged communications).

## **CONCLUSION**

For the foregoing reasons, Mr. Scavino respectfully requests this Court issue an Order finding that the Select Committee's subpoena is ultra vires, unlawful, and unenforceable.

[SIGNATURE ON NEXT PAGE]

Dated: October 19, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Stanley E. Woodward, Jr.*
　　　　　　　　　　　　　　　　　　Stan M. Brand (D.C. Bar No. 213082)
　　　　　　　　　　　　　　　　　　Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
　　　　　　　　　　　　　　　　　　BRAND WOODWARD LAW, LP
　　　　　　　　　　　　　　　　　　1808 Park Road NW
　　　　　　　　　　　　　　　　　　Washington, DC  20010
　　　　　　　　　　　　　　　　　　202-996-7447 (telephone)
　　　　　　　　　　　　　　　　　　202-996-0113 (facsimile)
　　　　　　　　　　　　　　　　　　Stanley@BrandWoodwardLaw.com

　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Daniel J. Scavino*

## CERTIFICATE OF SERVICE

On October 19, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

Respectfully submitted,

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Plaintiff Daniel J. Scavino, Jr.*